**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meloniece Dukes,<br><br>    Plaintiff,<br><br>v.<br><br>Guaranteed Rate Incorporated,<br><br>    Defendant. | No. CV-23-02608-PHX-MTL<br><br>**ORDER** |

    The matter before the Court is Defendant's Motion to Dismiss and Compel Arbitration (Doc. 9). The matter is fully briefed. The Court will grant the Motion.

**I.**

    Plaintiff, pro se, filed this action alleging that Defendant Guaranteed Rate Incorporated, her former employer, unlawfully retaliated against her in violation of Title VII. In fact, Plaintiff filed the complaint the day after an arbitrator issued an interim award in favor of Defendant in a separate action. (Doc. 1 at 27) The arbitrator determined that Plaintiff breached a compensation agreement by separating employment within two years of her hire date. Consequently, Plaintiff is required to return $124,766.26 of a $140,000 sign-on bonus, plus interest, to her former employer.

    Defendant now argues that Plaintiff's Title VII claim should be determined by an arbitrator according to the parties' arbitration agreement.

**II.**

    The Federal Arbitration Act ("FAA") governs arbitration agreements in contracts

involving interstate commerce. 9 U.S.C. § 2. By the FAA's terms, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." *Id*. The FAA reflects the well-established federal policy favoring arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

The party seeking to compel arbitration bears the initial burden of demonstrating that a valid agreement exists to arbitrate the claims at issue. *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1005 (9th Cir. 2010). If an arbitration clause is valid and enforceable, this Court must stay or dismiss the action to allow the arbitration to proceed. *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA)*, 560 F.3d 935, 940 (9th Cir. 2009). "There is no room for discretion[:]" the Act "'mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Munro v. Univ. of S. Cal*, 896 F.3d 1088, 1091 (9th Cir. 2018) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

### III.

Plaintiff does not dispute that she entered into a valid arbitration agreement with Defendant to arbitrate the claim at issue. (Doc. 12 at 5 ("Plaintiff honored [the arbitration agreement], signed by both parties, to participate and bring forth all claims related to the contract through arbitration, to include claims related to retaliation[.]").) Indeed, as Plaintiff acknowledges, the arbitration agreement "includes all disputes, whether based on tort, contract, or statute." (Doc. 1 at 24; *see also* Doc. 12 at 2.) Moreover, the arbitration agreement expressly includes "any claims of discrimination, harassment and/or retaliation, whether they be based on Title VII of the Civil Rights Act of 1964, as amended, or any other state or federal law or regulation, equitable law, or otherwise." (Doc. 1 at 24.)

Instead, Plaintiff argues that she complied with the arbitration agreement by raising her claims at arbitration, but that because the Arbitrator left her claims "unresolved," she is entitled now to bring them in this Court. (*See* Doc. 12 at 2, 4-5.) First, the Arbitrator addressed Plaintiff's claims and considered them as defenses to repayment, which he

ultimately rejected. (*See* Doc. 13-1 at 3-4.) Second, Plaintiff presents no authority suggesting that her raising of those defenses at arbitration enables her now to bring her claims outside of arbitration. (*See generally* Doc. 12.) And to the extent that Plaintiff challenges the Arbitrator's rejection of her defenses, an arbitrator's decision will be upheld "unless it is completely irrational or it constitutes a manifest disregard of the law." *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003). Plaintiff argues neither.

The Court therefore finds that Plaintiff's claims are governed by a valid arbitration agreement with Defendants. Accordingly, the Court is required to direct the parties to proceed to arbitration on those claims. *Munro*, 896 F.3d at 1091. In doing so, the Court may stay this case or dismiss it outright. *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014); *Forrest v. Spizzirri*, 62 F.4th 1201, 1205-06 (9th Cir. 2023). Defendant moves the Court to dismiss it, and Plaintiff does not oppose that request. (*See generally* Doc. 12.) Thus, the Court will dismiss this case.

## IV.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss and Compel Arbitration (Doc. 9) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) **is dismissed without prejudice**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall close this case.

Dated this 6th day of May, 2024.

Michael T. Liburdi
United States District Judge